(No. 3644
(No. 3645
(No. 3646
(No. 3647

ALEXANDER, STEELE, ROBERT MORAN, ROBERT ECKART, ED BLEI-MEHL, Claimants, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 25, 1947.*

HARRY C. KINNE, Chicago, Illinois, Attorney for claimants.

GEORGE F. BARRETT, Attorney General, and WM. L. MORGAN, Assistant Attorney General for respondent.

DAMRON, J.

The above complaints were filed by the respective claimants on October 21, 1941.

The claimants and respondent by their respective attorneys filed a stipulation herein on January 4, 1947, whereby they ask to consolidate the aforesaid claims. It is further stipulated that the record shall consist of the report of the Director of the Department of Conservation dated November 18, 1941.

The evidence as disclosed by the record as above stipulated establishes that each of the claimants during the month of February 1941, and for a varying number of preceding months were, and had been, continuously employed as tree surgeons by the Department of Conservation. Their services were terminated on February 8, 1941. They were employed pursuant to an oral agreement at "a salary of $125.00 per month, and expenses consisting of room and board and railroad fare to and from their respective places of residence in Winnetka, Wilmette, and Highland Park, and their various places of employment".

The claimants rendered an account of expenses each month to the Department of Conservation and such expenses were paid during their entire period of employment except for the month of January 1941, (and in one instance a few days in February). The only reason given for refusing to approve the vouchers for these field expenses incurred after January 1, 1941 was that it was "felt that claimant's headquarters should have been the point at which they were working". This, of course, was a departure from, and at variance with, the terms of the employment and claimants had been given no notice of any such change prior to the time they incurred this expense.

It is not controverted, but on the contrary admitted, of record, as stipulated, that it was a condition of claimant's employment that they were to be allowed their travelling and maintenance expenses when actually engaged in work away from their homes, and moreover were so paid during their entire period of employment except for the period from January 1 to February 8 when their employment was terminated.

The amount of reasonableness of such expenses or that they were not actually incurred in good faith as itemized in the signed vouchers duly presented by the claimants, has never been questioned. The services furnished by these claimants and the expenses which constitute the basis of their present claims were properly and duly authorized. The services were performed and the expenses incurred pursuant to such authorization and during the time the same were authorized. Vouchers were submitted with due diligence and claimants through no fault of their own were not paid, although, when the services were rendered and charges incurred, there remained a sufficient unexpended balance in the appropriation from which payment could have been made. Payment of these claims is to be distinguished from payment of additional compensation for personal services already performed and for which remuneration had already been paid. Claimants' regular salary vouchers for the month in question never included or purported to constitute payment of these expenses as itemized on their separate expense vouchers.

We find that claimants are entitled to an award. An award is therefore made in favor of: Alexander Steele, claimant, in the sum of $61.98; Robert Moran, claimant, in the sum of $88.14; Robert Eckart, claimant, in the sum of $79.00; Ed Bleimehl, claimant in the sum of $82.95.